# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| TARIK BLACKWELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIVERSIFIED CONSULTANTS, INC., )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 3:14-CV-102<br><br>**DEFENDANT'S, DIVERSIFIED CONSULTANTS, INC., ANSWER TO COMPLAINT** |

COMES NOW, Defendant, Diversified Consultants, Inc. ("Defendant"), by and through its attorneys, as and for its Answer to the Complaint of Plaintiff, Tarik Blackwell ("Plaintiff"), hereby states as follows:

## PRELIMINARY STATEMENT

1. Defendant admits that Plaintiff purports to bring an action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the North Carolina Collection Agency Act ("NCAA"). However, Defendant denies that Plaintiff has a valid basis for doing so. To the extent that a further response is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. The allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint. Therefore, said allegations are denied.

4. The allegations set forth in paragraph 4 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. The allegations set forth in paragraph 5 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6. The allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint.

## COUNT I
**(Violation of the Fair Debt Collection Practices Act)**

8. Defendant admits that it attempted to contact Plaintiff in 2013, on behalf of its client, in an attempt to collect a past due balance due and owing. To the extent that a further response is required, Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint, and all of its subparts.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

## COUNT II
### (Violation of the North Carolina Collection Agency Act)

12. Defendant repeats and realleges its responses to the previous paragraphs as if set forth at length herein.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint, and all of its subparts.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by applicable Statutes of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not breach any legal duty to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Fair Credit Reporting Act.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has no civil liability under the FDCPA or the NCAA as any violation was an unintentional, bona fide error and occurred despite the maintenance of procedures reasonably adapted to avoid such violation.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE,** Defendant, Diversified Consultants, Inc., having answered Plaintiff's Complaint completely, respectfully requests that judgment be entered in its favor and against Plaintiff dismissing the Complaint with prejudice and awarding Defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of April 2014.

/s/ Patrick D. Sarsfield II
Patrick D. Sarsfield II (N.C. Bar No. 20104)
Brooks F. Bossong (N.C. Bar No. 19823)
NEXSEN PRUET, LLC
227 West Trade Street, Suite 1550
Charlotte, North Carolina 28202
Telephone No.: (704) 338-5305
Facsimile No.: (704) 805-4715
PSarsfield@nexsenpruet.com
BBossong@nexsenpruet.com
Counsel for Diversified Consultants, Inc.

## CERTIFICATE OF SEVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT'S, DIVERSIFIED CONSULTANTS, INC., ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system and served the foregoing via electronic filing on:

>Mitchel E. Luxenburg
>Luxenburg & Levin, LLC
>Attorney for Plaintiff
>23875 Commerce Park, Suite 105
>Beachwood, OH 44122
>(888) 493-0770, ext. 301 (phone)
>(866) 551-7791 (facsimile)
>Mitch@LuxenburgLevin.com

This 7th day of April, 2014.

>/s/ Patrick D. Sarsfield II
>Patrick D. Sarsfield II (N.C. Bar No. 20104)
>Brooks F. Bossong (N.C. Bar No. 19823)
>NEXSEN PRUET, LLC
>227 West Trade Street, Suite 1550
>Charlotte, North Carolina 28202
>Telephone No.: (704) 338-5305
>Facsimile No.: (704) 805-4715
>PSarsfield@nexsenpruet.com
>BBossong@nexsenpruet.com
>Counsel for Diversified Consultants, Inc.